670 So.2d 1137 (1996)
ALACHUA COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant,
v.
George BABULA, Benjamin Little, Catherine D. James, Lawrence James, Jr., Stephen Roberts, Alfred Dickerson, James Strauss, and William Krider, Appellees.
No. 95-1950.
District Court of Appeal of Florida, First District.
April 1, 1996.
Peter J. Hurtgen and Karen Berg Brigham of Morgan, Lewis & Bockius, Miami, for appellant.
Paul A. Donnelly and Laura A. Gross, Gainesville, for appellees.
WOLF, Judge.
Alachua County Board of County Commissioners (county) appeals from an order granting summary judgment in favor of certain employees on the issue of liability under the Fair Labor Standards Act (FLSA). The summary judgment determined that the plaintiffs, correctional officers (sergeants and lieutenants), were not exempt administrative or executive employees under the terms of the FLSA. While the county raised several issues on appeal, it is only necessary for us to *1138 address two:[1] (1) Whether the trial court properly granted the motion for summary judgment where issues of material fact existed concerning the status of the plaintiffs under the FLSA; and (2) whether the trial court properly determined the county's liability for liquidated damages.
On January 29, 1991, several of the plaintiffs (the correctional sergeants) filed a lawsuit pursuant to the FLSA. They alleged that they worked over 40 hours a week without being compensated at 1½ times their normal rate of pay. On October 8, 1991, several correctional lieutenants joined as plaintiffs in the action. The county filed a motion for summary judgment on January 13, 1995. In support of the motion, the county filed portions of depositions of several of the plaintiffs as well as an affidavit. On January 17, 1995, plaintiffs filed a motion of partial summary judgment on the issue of defendant's liability for overtime pay and liquidated damages. The court entered an order granting plaintiffs' motion for partial summary judgment and denying the county's motion for partial summary judgment on April 28, 1995. Based upon these items in the record, the court granted plaintiffs' motion for summary judgment because the defendant had failed to establish any genuine issue as to material facts as to whether plaintiffs were exempt executive or administrative employees. After conducting an analysis of FLSA and relevant case law, the court found,
[B]ecause the plaintiffs must adhere to protocol and are forbidden from straying from the policy and procedures set by defendant, plaintiffs are not exempt administrators. See Shockley v. City of Newport News, 997 F.2d 18 (4th Cir.1993), where media relations sergeants for the police department were held to be entitled to overtime though the employer attempted to assert the administration exemption.
The court then found that because the defendant, employer, had failed to bring forth evidence regarding whether it acted in good faith or had reasonable grounds for believing it did not violate the FLSA, the court ordered liquidated damages for the plaintiffs.
The FLSA provides that covered, nonexempt employees are entitled to overtime compensation for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207 (1988).[2]
The county defended the action based on the theory that the plaintiffs were exempt from the FLSA. The exemptions at issue are contained in 29 U.S.C. § 213 (1988):
(a) The provisions of ... section 207 of this title shall not apply with respect to
(1) any employee employed in a bona fide executive, administrative, or professional capacity ...
Generally, exemptions from overtime pay must be strictly construed against the employer who has the burden of proving the exemption. Wouters v. Martin County, 9 F.3d 924 (11th Cir.1993), cert denied, ___ U.S. ___, 115 S.Ct. 65, 130 L.Ed.2d 21 (1994). A plaintiff moving for a summary judgment is not relieved, however, of demonstrating that there are no issues of material fact. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The issue, therefore, is whether any issues of material fact exist concerning the employer's assertion that it is entitled to one of the exemptions.
Federal statutes and Department of Labor regulations define what constitutes employment in an executive, administrative, or professional capacity. The regulations provide both a "short test" and a "long test" for determining whether an employee meets the executive or administrative exemption. Shockley v. City of Newport News, 997 F.2d 18 (4th Cir.1993). The short test applies *1139 where the employee is paid more than $250 a week; both sides agree the short test applies in the instant case.
Under the short test for determining whether an employee is in a management position, an employer must prove that (1) management was the employer's primary duty, and (2) the employee regularly and customarily directed the work of two or more employees. Sturm v. TOC Retail, Inc., 864 F.Supp. 1346 (M.D.Ga.1994).[3] Section 541.102 of the Code of Federal Regulations (1995) presents a nonexclusive list of examples of duties that are managerial and thus exempt:
[E]mployee in the management of his department or the supervision of the employees under him: Interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.
The code states that "[a] determination of whether an employee has management as his primary duties must be based on all the facts in a particular case. The amount of time spent in the performance of managerial duties is a useful guide in determining whether management is a primary duty of an employee." 29 C.F.R. § 541.103 (1995). Under the regulations, an employee will be considered an exempt administrative employee if (1) his primary duty consists of the performance of office or nonmanual work directly related to management policies or the general business operations of the employer, and (2) such duty includes work requiring the exercise of discretion and independent judgment. 29 C.F.R. § 541.2(e)(2) (1995).
The phrase "directly related to management policies or general business operations of the employer" is meant to describe activities of substantial importance to the management or operation of the employer's business. 29 C.F.R. § 541.205(a) (1995). This requirement is not to be used to strictly limit the exemption to persons who directly participate in the formulation of management policies or the business operation. 29 C.F.R. § 541.205(c). Persons who execute or carry out policies are also considered employees whose work is "directly related" to management policies or to general business operations. Id.
Finally, as required under the executive exemption, in order to qualify for an administrative exemption, an employee must exercise discretion and independent judgment. 29 C.F.R. § 541.2(e)(2) (1995). Under the administrative exemption, the test merely requires that the employees' duties include the exercise of discretion and independence. See 29 C.F.R. § 541.107. The regulations explain that this requirement implies that the person has the authority to make independent choices, free from immediate direction or supervision, with respect to matters of significance. 29 C.F.R. § 541.207(a). This does not mean that the employee must have the power to make final decisions, absent review, but rather that the employee is in a position of making recommendations. 29 C.F.R. § 541.207(e)(1).
The county presented the following excerpts from depositions which are pertinent to both the administrative and executive exemption as to the lieutenants.
The excerpts from Lieutenant James Strauss' deposition supported the following facts:

*1140 1. Sergeant Lawrence James reported to Strauss directly.
2. Strauss was responsible for the security division during his shift.
3. Strauss was responsible for the whole jail when no one who was higher up in the chain of command was present.
4. Strauss had 30 correctional officers who were on his shift and reported to him.
5. Strauss and other lieutenants met for regular staff meetings regarding such issues as inmate population, permanent shifts, and building of new facilities.
6. Strauss and other lieutenants decided whether someone was scheduled in a core group or a rotating group and that sergeants were not involved in making such decisions.
7. Strauss made judgment decisions about whether to hire people on overtime.
8. Nonsecurity employees contacted their supervisor when they were unable to make their shift.
9. Strauss could approve employees' swapping shifts.
10. Strauss had the ability to discipline these officers by first writing a warning letter and then issuing a notice of hearing.
11. Strauss conducted employee evaluations on permanent and probationary employees.
12. Strauss could approve or disapprove force reports.[4]
13. Sergeants spend almost no time supervising inmates.
14. Sergeants could approve overtime.
15. Sergeants and lieutenants fill out time sheets.
The excerpts from Lieutenant William Krider's deposition establish that he was working on the same shift as Sergeant Alfred Dickerson. Krider's deposition established the following facts:
1. The captain, chief, and director generally only worked from 8:30-5:00.
2. Krider was involved in addressing problems with personnel during his shift.
3. Krider and other lieutenants offered their suggestions for changes in practices or policies, usually involving operational matters.
4. Krider specifically admitted he was involved in various management projects. He had proposed a different method of evaluating subordinates and was in charge of developing a policy regarding the accountability of the keys to institution.
5. Lieutenants spend less time than sergeants supervising subordinates.
6. Krider spent almost no time supervising inmates.
7. Krider and other lieutenants had power to remove people from the core group based on their performance.
8. Krider was responsible for terminating at least one employee.
The trial court's determination that no issues of material fact existed is not supported by the record. While conflicting evidence was presented by the plaintiffs which ultimately may support a determination that the duties of the lieutenants were so limited by department protocol that the plaintiffs were not, in fact, managerial or executive employees, such a determination cannot conclusively be made at this stage of the proceeding.[5] We, therefore, must reverse the summary judgment in favor of the lieutenants.
As to the nature of the sergeants' duties, however, there was scant, if any, evidence presented which would support a finding that they were exempt executive or administrative employees. We, therefore, affirm the *1141 finding of liability on the part of the county as to the sergeants under the FLSA.
We also find no error as to the trial court's determination of liquidated damages as to the plaintiff sergeants. See Spires v. Ben Hill County, 980 F.2d 683 (11th Cir.1993). The award of liquidated damages as to the lieutenants, however, is reversed in accordance with this opinion.
BOOTH and BENTON, JJ., concur.
NOTES
[1] Appellees properly concede that the trial court mistakenly excluded portions of the depositions presented by the county in opposition to appellees' motion for summary judgment, but argue that these deposition excerpts did not raise issues of material fact.
[2] The maximum hour standard is slightly different for "employees engaged in law enforcement activities (including security personnel in correctional institutions)." 29 C.F.R. § 553.230(b) (1995). Nonexempt law enforcement employees are entitled to overtime pay for hours worked in excess of 86 during a 14-day work period. 29 C.F.R. § 553.230(c).
[3] There is also a requirement that the employees must be paid on a "salary basis." Appellee does not challenge the fact that appellant has presented sufficient evidence as to this element to preclude summary judgment.
[4] Once force is used by a correctional officer against a prisoner, the officer must fill out and submit a force report. After an investigation, the lieutenant decides whether the use of force was warranted. If the use of force is disapproved by the lieutenant, he could request further investigation.
[5] No written departmental rules or protocol were presented to the trial court, nor was there evidence of the exact nature and extent of the rule or protocol.